**Jackie Lee STATON, Appellant,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Respondent.**

**No. WD 57039.**

Missouri Court of Appeals,
Western District.

Submitted Nov. 3, 1999.

Decided March 21, 2000.

---

James A. Rahm, Carrollton, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty., Gen., Jefferson City, for respondent.

Before JAMES M. SMART, Jr., P.J., JOSEPH M. ELLIS and EDWIN H. SMITH, JJ.

JAMES M. SMART, Jr., Judge.

Jackie Lee Staton appeals the judgment of the circuit court upholding the Director of Revenue's ("Director") revocation of his driving privileges. Staton argues that we should declare that he did not refuse to take a breath test under § 577.041, RSMo Supp.1998, because he was not offered a test until four hours and fifty-one minutes after his arrest. Staton contends that such time lapse made the request so unreasonable that he cannot be deemed to have refused.

## Factual Background

On December 26, 1998, at approximately 10:40 p.m., Missouri State Highway Trooper Daniel Landi was driving west on Missouri 10 between Carrollton and Norborne. A vehicle approached rapidly from the rear. Trooper Landi activated his radar and clocked the vehicle at 69 m.p.h. The trooper stopped Jackie Lee Staton, the driver of the vehicle. Trooper Landi noticed a strong odor of alcoholic beverage on Staton's breath. He further observed that Staton's eyes were bloodshot, watery and glassy. Trooper Landi administered seven field sobriety tests to Staton. Staton's performance caused Landi to believe Staton was intoxicated. The trooper put Staton under arrest, handcuffed him and placed him into the patrol car.

On the way to the Carroll County Sheriff's Department, Staton told Trooper Landi that he desperately needed to urinate. Trooper Landi pulled over to the side of the road and uncuffed Staton. Staton fled.

Several hours later, at approximately 3:30 a.m., Trooper Landi apprehended Staton at his mother's residence and transported him back to the sheriff's department. Staton was read the implied consent form. When asked to take a breathalyzer test, he refused.

The Director revoked Staton's license for refusal to submit to chemical testing. Staton filed a petition for review. After a hearing, the trial court found that Staton refused the test. Accordingly, the court upheld the suspension.

## Standard of Review

■ Review of the trial court's reinstatement of a driver's license after it has been suspended is the same as that of any other judge-tried case. *Endsley v. Director of Revenue*, 6 S.W.3d 153, 157 (Mo. App.1999). The trial court's decision must be affirmed unless there is no substantial evidence to support it; it is against the weight of the evidence; or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Rule 73.01(a)(3) provides that "[a]ll fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached." It is the trial court's prerogative to accept or reject all, part or none of the testimony with which it is presented. *Berry v. Director of Revenue*, 885 S.W.2d 326, 328 (Mo. banc 1994),

■ The trial court must make three findings in order to uphold the revocation of a driver's license for failure to submit to chemical testing pursuant to § 577.041.4, RSMo Supp.1998: [1] (1) that the driver was

1. Section 577.041.4 states:

   If a person's license has been revoked because of the person's refusal to submit to a chemical test, such person may petition for a hearing before a circuit or associate circuit court in the county in which the arrest or stop occurred. The person may request such court to issue an order staying the revocation until such time as the petition for review can be heard. If the court, in its discretion, grants such stay, it shall enter the order upon a form prescribed by the director of revenue and shall send a copy of such order to the director. Such order shall serve as proof of the privilege to operate a motor vehicle in this state and the director shall maintain possession of the person's license to operate a motor vehicle until termination of any revocation pursuant to this section. Upon the person's request the clerk of the court shall notify the prosecuting attorney of the county and the prosecutor shall appear at the hearing on

arrested; (2) that the arresting officer had reasonable grounds to believe that the driver was driving while intoxicated; and (3) that the driver refused to submit to a chemical test. *Williams v. Lohman,* 996 S.W.2d 127, 129 (Mo.App.1999). The Director bears the burden of proof; failure to satisfy that burden results in a reinstatement of the defendant's driver's license. *Lorton v. Director of Revenue,* 985 S.W.2d 437, 440 (Mo.App.1999). In this case, the first two elements are not disputed. The only issue presented for review is whether Staton refused to submit to the breath test.

## Discussion

■ The Director argues that Staton's reason for his refusal (that there was too much time elapsed between the driving and the offer to take the test) is irrelevant. The Director relies on *Williams,* 996 S.W.2d 127, in which the driver refused a blood test. At trial, the driver in *Williams* explained that he did not like needles because he had contracted hepatitis from an infected needle. *Id.* at 128. The trial court held that the driver had not voluntarily refused a test of his blood or his breath. *Id.* This court, however, reversed the trial court, holding that Williams had refused the test. *Id.* at 129. The Director argues that the *Williams* case indicates that the driver does not have the authority to decide for himself whether it is appropriate for him to take the test. We agree that in looking at whether there was a refusal, we do not view the record from the subjective point of view of the driver. In *Berry,* 885 S.W.2d 326, the driver contend-

ed that he had no memory of being offered the test or of refusing the test. He believed the pain of his injuries from the collision in which he was involved must have blocked his ability to effectively refuse. The driver's contention did not avail. Citing *Cartwright v. Director of Revenue,* 824 S.W.2d 38 (Mo.App.1991), a case the court found indistinguishable (because there the driver also could not remember refusing the test), the court reversed the trial court ruling in favor of the driver. *Berry,* 885 S.W.2d at 327.

■ The Director's arguments and authorities do not persuade us that a time delay in offering the test is necessarily irrelevant to whether a driver is entitled to refuse the test. The arguments persuade us only that the reasonableness of a time delay between the arrest and the offer of the test must be judged objectively under the particular circumstances of the case. The statute obviously contemplates a relationship between the arrest, the reasonable grounds, and the refusal of the test. While we also assume there is an implied "reasonableness" requirement as a general principle of statutory construction, any issue of reasonableness would not be viewed from the subjective viewpoint of the driver. In any event, Staton cannot be heard to complain about the delay, because the delay was occasioned directly by Staton's own escape from custody. Staton deceived Trooper Landi by claiming he needed to urinate, and then fled, eluding capture for almost five hours. He is accordingly estopped from complaining about the delay for which he was directly responsible. *See*

behalf of the director of revenue. At the hearing the court shall determine only:

(1) Whether or not the person was arrested or stopped;

(2) Whether or not the officer had:

(a) Reasonable grounds to believe that the person was driving a motor vehicle while in an intoxicated or drugged condition; or

(b) Reasonable grounds to believe that the person stopped, being under the age of twenty-one years, was driving a motor vehicle with a blood alcohol content of

two-hundredths of one percent or more by weight; or

(c) Reasonable grounds to believe that the person stopped, being under the age of twenty-one years, was committing a violation of the traffic laws of the state, or political subdivision of the state, and such officer had reasonable grounds to believe, after making such stop, that the person had a blood alcohol content of two-hundredths of one percent or greater; and

(3) Whether or not the person refused to submit to the test.

28 Am.Jur.2d *Estoppel and Waiver,* §§ 26–29 (1966); *State ex rel. Consol. School Dist. No. 2 v. Haid,* 328 Mo. 739, 41 S.W.2d 806, 808–10 (1931) (court may apply estoppel even if not pleaded, if the essential facts appear from the case). The trial court was not precluded from a finding that Staton refused the test.[2]

### Conclusion

The judgment of the trial court is affirmed.

ELLIS and EDWIN H. SMITH, JJ., concur.

---

**2.** We doubt that the escape would itself qualify as a refusal because the record does not reflect that, at the time of the escape, Staton had been given the recitations required by § 577.041.1.