Charles J. MOUNT, Appellant,

v.

DIRECTOR OF REVENUE, STATE OF MISSOURI, Respondent.

No. WD 59203.

Missouri Court of Appeals, Western District.

Dec. 4, 2001.

Mary Ann Drape, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Carolyn McCarthy, Asst. Atty. Gen., Kansas City, for respondent.

Before HOWARD, P.J., and BRECKENRIDGE and NEWTON, JJ.

VICTOR C. HOWARD, Presiding Judge.

Charles J. Mount appeals from the trial court's judgment sustaining the Director of Revenue's revocation of his driving privileges. Mount's sole point on appeal is that the trial court erred in finding in favor of the Director because the Director did not prove that a statutorily sufficient request was made to him to take a breathalyzer test, as required by § 577.041.

We reverse.

## Facts

On the evening of June 10, 2000, Charles J. Mount was involved in a motor vehicle accident at 91st and Wornall Road in Kansas City, Missouri. Officer Peggy Becker of the Kansas City police department responded to the scene and arrested Mount on suspicion of driving while intoxicated. Officer Becker took Mount to the police station. What happened at the police station is disputed. We discuss those events below.

The Director suspended Mount's driver's license under § 577.041,[1] for refusal to submit to a chemical test. Mount filed an application for hearing in the trial court.

Mount, the sole witness at the hearing, testified that when asked if he would sub-

1. All statutory references are to RSMo 2000.

mit to a breathalyzer test, he responded that he wanted to speak to an attorney, but he was not allowed to make any phone calls. He also testified that he was not given any further opportunities to take the breathalyzer test after requesting to call an attorney.

The Director's evidence consisted entirely of Department of Revenue records, including the Alcohol Influence Report ("AIR"). According to the AIR, Mount was read the Miranda warnings at 9:42, he refused to take the chemical test at 9:43, and he requested an attorney at 9:44. "Yes" was checked next to the question "Did subject request attorney prior to test(s)?" The AIR does not indicate any time other than 9:43 that Mount refused the test.[2]

The officer's narrative on the AIR states as follows:

The subject was advised of his Miranda rights and the Mo. implied consent law. The subject was further requested to submit to a chemical test of his breath, however refused to submit to the chemical test. The reporting officer made certain that the subject understood that the State would revoke his driving privileges for one year if he refused to submit to the test. The reporting officer also suggested the subject contact his attorney. An attempt was made with negative results.

\* \* \* \* \*

Following the hearing, the trial court sustained the Director's revocation of Mount's driving privileges. This appeal follows.

## Standard of Review

In *Kimber v. Director of Revenue*, 817 S.W.2d 627, 629–30 (Mo.App. W.D.1991), we stated that the applicable standard of review is as follows:

The circuit court's judgment is reviewed according to the standards prescribed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The circuit court's decision on appeal will be affirmed unless there is no substantial evidence to support it, unless the decision is contrary to the weight of the evidence, or unless the circuit court erroneously declares or misapplies the law. *Id.* See also *James v. Director of Revenue*, 767 S.W.2d 604, 609 (Mo.App. 1989). This court reviews the evidence supporting the circuit court's judgment, as well as all reasonable inferences drawn from such evidence, as true. *State v. Faulhaber*, 782 S.W.2d 687, 688 (Mo.App.1989). Any evidence or inferences that are contrary to the circuit court's judgment are disregarded. *Id.*

## Argument

Mount's sole point on appeal is that the trial court erred in finding in favor of the Director because the Director did not prove that a statutorily sufficient request was made to him to take a breathalyzer test, as required by § 577.041.

Section 577.041.1 provides as follows:

If a person under arrest, or who has been stopped pursuant to subdivision (2)

---

**2.** We note that the Department of Revenue's Alcohol Influence Report form is confusing. The last question in the implied consent warnings is "Having been informed of the reasons for requesting the test(s), will you take the test(s)?" Then there is a place to mark yes or no and note the time. Following that is the question "Did subject request attorney prior to test(s)?" and a place to note the time the subject asked for an attorney. There is no place for the officer to mark the time the driver refuses the test (or is deemed to have refused the test) following a request for an attorney.

or (3) of subsection 1 of section 577.020, refuses upon the request of the officer to submit to any test allowed pursuant to section 577.020, then none shall be given and evidence of the refusal shall be admissible in a proceeding pursuant to section 565.024 or 565.060, RSMo, or section 577.010 or 577.012. The request of the officer shall include the reasons of the officer for requesting the person to submit to a test and also shall inform the person that evidence of refusal to take the test may be used against such person and that the person's license shall be immediately revoked upon refusal to take the test. *If a person when requested to submit to any test allowed pursuant to section 577.020 requests to speak to an attorney, the person shall be granted twenty minutes in which to attempt to contact an attorney. If upon the completion of the twenty-minute period the person continues to refuse to submit to any test, it shall be deemed a refusal.* In this event, the officer shall, on behalf of the director of revenue, serve the notice of license revocation personally upon the person and shall take possession of any license to operate a motor vehicle issued by this state which is held by that person. The officer shall issue a temporary permit, on behalf of the director of revenue, which is valid for fifteen days and shall also give the person a notice of such person's right to file a petition for review to contest the license revocation.

■ Under § 577.041.4, to uphold a driver's license revocation for failure to submit to a chemical test, the trial court must find that (1) the driver was arrested, (2) the arresting officer had reasonable grounds to believe the driver was driving while intoxicated, and (3) the driver refused to submit to the test. *McMaster v. Lohman,* 941 S.W.2d 813, 815 (Mo.App. W.D.1997). The Director has the burden

of proof, and failure to satisfy the burden will result in reinstatement of the driver's license. *Id.* at 815–16.

Mount contends the Director failed to prove that he refused to submit to a chemical test. In *McMaster,* 941 S.W.2d at 817, in discussing what constitutes a refusal to take a chemical test, we stated as follows:

In the context of the Implied Consent Law, a "refusal" means declining to take the chemical test when requested to do so of one's own volition. *Spradling. v. Deimeke,* 528 S.W.2d 759, 766 (Mo.1975). Refusal, in response to a request, occurs by saying "I refuse," by remaining silent, by not blowing into the machine, or by vocalizing some qualified or conditional consent or refusal. *Id.* If a driver qualifies a refusal to submit to chemical testing on consulting with counsel but receives no reasonable opportunity to attempt to do so, no refusal results under section 577.041.4(3). *Albrecht v. Director of Revenue,* 833 S.W.2d 40, 42 (Mo.App.1992). [The driver's] request to speak to an attorney triggered the granting of "twenty minutes in which to attempt to contact an attorney." Section 577.041.1 provides an opportunity for detained persons to consult an attorney before deciding whether to submit to a chemical test to determine the percentage of alcohol within their blood. The statute does not impute the request to speak to an attorney as refusal to submit to the test.

We find that the Director did not meet the burden of proving that Mount refused to submit to a chemical test. The only evidence before the trial court was Mount's testimony and the Director's records. Mount testified that when asked if he would take the breathalyzer test, he requested to speak to an attorney. He further testified that following his request,

he was not given any additional opportunities to submit to a chemical test. The trial court was free to disbelieve Mount. However, even if the trial court did disbelieve Mount, as it apparently did, we find that the trial court could not have relied solely on the self-contradictory and confusing AIR to determine that Mount refused to submit to a chemical test. The AIR indicates that Mount refused to take the test at 9:43, and that he requested an attorney at 9:44. However, it also indicates that Mount requested to speak to an attorney "prior to test(s)." Relying on the AIR in this case would have required the trial court to resort to speculation and conjecture as to the sequence of events. Absent clarification by the Director, there was insufficient evidence for the trial court to find that Mount was given twenty minutes to contact an attorney prior to refusing to take the test, or that he unequivocally refused to take the test prior to the expiration of the twenty-minute period.

The judgment of the trial court is reversed, and the Director is ordered to reinstate Mount's license.

BRECKENRIDGE and NEWTON, JJ., concur.