Daniel L. MURPHY, Petitioner–Appellant,

v.

DIRECTOR OF REVENUE, STATE OF MISSOURI, Respondent–Respondent.

No. 25767.

Missouri Court of Appeals, Southern District, Division Two.

June 2, 2004.

---

Dan L. Birdsong, Thomas, Birdsong & Mills, P.C., Rolla, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, James A. Chenault, III, Special Assistant Attorney General, Jefferson City, for respondent.

NANCY STEFFEN RAHMEYER, Chief Judge.

Daniel L. Murphy ("Appellant") appeals the trial court's order sustaining the revocation of his driver's license by the Director of Revenue ("Director"). We affirm.

The record reveals that Sergeant Moberly ("Moberly") of the Rolla, Missouri Police Department stopped Appellant on August 24, 2002, after observing him violate several traffic ordinances. Moberly's attention was drawn to Appellant initially when Appellant followed Moberly too closely. Appellant then weaved his motorcycle from side to side, ran a stop sign, and almost tipped the motorcycle over at a stop sign. Because of his concerns that Appellant appeared to be intoxicated, Moberly proceeded to administer four separate field sobriety tests to Appellant. Appellant's failure of all four field sobriety tests, along with the strong odor of intoxicants coming from Appellant's mouth and his driving impairments, prompted Moberly to arrest Appellant for driving while intoxicated, pursuant to Section 577.010.[1] Appellant became violent and uncooperative when Moberly attempted to arrest him, and was secured only after another officer was called to the scene to assist Moberly.

Following his arrest, Appellant was taken to the Rolla Police Department for booking and to allow Appellant the opportunity to submit to a breath test to determine his blood-alcohol content ("BAC"). When Appellant was first brought into the booking room, he resisted Moberly's efforts to remove his handcuffs and was placed in a holding cell still wearing the handcuffs.

Moberly then read Missouri's Implied Consent Law to Appellant. According to Moberly's testimony at trial, at 2:14 a.m., Appellant agreed to submit to a breath test in order to determine his blood-alcohol content ("BAC") but, in the next breath, added that he would submit as soon as he talked to his lawyer.[2] Moberly told Appellant that he had twenty minutes to contact an attorney and to make a decision regarding whether or not to submit to the BAC test. Appellant responded that he would like to call his attorney, but when Moberly started to remove Appellant's handcuffs, Appellant again resisted Moberly's efforts to remove them. Moberly informed Appellant that he was wasting his twenty minutes by not cooperating and left the room to allow Appellant to calm down.

Moberly returned approximately ten minutes later and asked Appellant if he was calm enough to allow him to remove the handcuffs. Appellant did not verbally respond and then shook his head to indi-

---

1. All references to statutes are to RSMo 2000 unless otherwise indicated.

2. The Alcohol Influence Report ("AIR") indicates a check of "yes" and "no" for the question "[H]aving been informed of the reasons for requesting the test(s) will you take the test(s)?" Appellant argues the check by the yes indicates an unqualified willingness to perform the test.

cate he would not allow the handcuffs to be removed. Moberly remained in the room and processed paperwork. Approximately five minutes later, Appellant asked Moberly to remove his handcuffs so that he could call his attorney. Moberly removed the handcuffs, but instead Appellant then asked to use the restroom.

Moberly provided Appellant with a phone book when he returned from the restroom. Appellant sat on a desk while he looked through the phone book and asked Moberly if he could to use his cell phone to call an attorney. Moberly instructed Appellant that he was not going to retrieve Appellant's personal cell phone and that Appellant could use the telephone provided in the booking area. Thereafter, Appellant was placed back in the holding cell with the phone book, but he did not ask to use the police department's telephone.

Moberly read the Implied Consent Law to Appellant again at 2:45 a.m., and asked Appellant if he was going to submit to the breath test or refuse it. Appellant responded that he would submit to the test after talking to his attorney. Moberly instructed Appellant that he needed a "yes" or "no" answer on the breath test; however, Appellant recited his previous answer. Moberly then told Appellant that his response would be counted as a refusal and marked the ("AIR") to reflect that Appellant refused the test. Subsequently, Appellant's driver's license was revoked by Director, pursuant to Section 577.041, and Respondent filed a petition for review in the trial court. The trial court sustained the revocation and this appeal follows.

In his sole point on appeal, Appellant contends that the trial court erred in finding that he refused to submit to the chemical breath test. Appellant argues that the evidence presented at trial demonstrated that he agreed to take the test but was never given an opportunity to do so.[3] He maintains that a police officer never provided the test to Appellant and asked him to take it. As a secondary argument, Appellant argues that the AIR is so contradictory on its face that the revocation cannot be sustained.

This court will affirm a trial court's judgment to sustain the revocation of a driver's license for a refusal to submit to a chemical test unless it unsupported by substantial evidence, the decision is against the weight of the evidence, or it erroneously declares or applies the law. *Gonzalez v. Dir. of Revenue,* 107 S.W.3d 491, 493 (Mo.App. S.D.2003). We defer to the trial court's determination of credibility. *Hinnah v. Dir. of Revenue,* 77 S.W.3d 616, 620 (Mo. banc 2002). The evidence and inferences favorable to the judgment are accepted as true and all contrary evidence and inferences are disregarded. *Zimmerman v. Dir. of Revenue,* 72 S.W.3d 634, 636 (Mo.App. S.D.2002).

In a revocation proceeding for refusal to submit to a breath test, the trial court shall determine: (1) whether the person was arrested or stopped; (2) whether the officer had reasonable grounds to believe the person was operating a motor vehicle while in an intoxicated or drugged condition; and (3) whether the person refused to submit to the test. *Gonzalez,* 107 S.W.3d at 493. The Director

---

**3.** In the argument portion of his brief, Appellant asserts that the Director did not prove that "he was afforded the opportunity to call an attorney." As this argument is not addressed in Appellant's point relied on, it fails to comply with Rule 84.04(e), Missouri Court Rules (2003). "The questions for decision on appeal are those stated in the points relied on." *Ulmanis v. Ulmanis,* 23 S.W.3d 814, 817 (Mo.App. S.D.2000). Thus, we decline to review that portion of Appellant's argument.

carries the burden of proving all the requisite elements for upholding the revocation at the hearing. *Roberts v. Wilson*, 97 S.W.3d 487, 492 (Mo.App. W.D.2002). If the trial court finds any issue not to be in the affirmative, it shall order the Director to reinstate the license. *Gonzalez*, 107 S.W.3d at 493. In the case at bar, Appellant does not contest the fact that he was arrested or that Moberly had reasonable grounds to believe that he was operating a motor vehicle in an intoxicated state.

■■ Appellant argues that he did not refuse to take the test and only failed to take the test because he was not given an opportunity to take it. In the context of the Implied Consent Law, a refusal simply means that an arrestee, after having been requested to take a breath test, declines to do so of his own volition. *Id.* at 494. The form of the refusal makes no difference. A refusal can occur by saying "I refuse," by remaining silent, by not blowing into the machine, or by vocalizing some qualified or conditional consent or refusal. *Spradling v. Deimeke*, 528 S.W.2d 759, 766 (Mo.1975). If a driver has a reasonable opportunity to attempt to consult with counsel but refuses to do so, a refusal occurs under Section 577.041.4(3). *Kilpatrick v. Dir. of Revenue*, 756 S.W.2d 214, 216 (Mo.App. E.D.1988).

Here, Moberly testified that, although Appellant initially indicated that he would submit to the test, he subsequently conditioned his submission upon talking to an attorney.[4] After thirty minutes, Appellant was again read the Implied Consent Law and asked if he would take the test. Appellant refused to give an unqualified "yes," and Moberly instructed him that a conditional answer would be equated with a refusal. Thereafter, Appellant failed to take the test without qualification. Here, Appellant's qualified or conditional consent amounted to a refusal.

Although, in an attempt to rebut the Director's allegation and to impeach Moberly, Appellant presented evidence from two people who were present at the police department on the evening of the arrest, we defer to the trial court's determination of controverted evidence. *See Hinnah*, 77 S.W.3d at 620. We reject Appellant's argument that the AIR was so internally inconsistent that it could not support the revocation. First, the narrative report attached to the AIR clearly supports Moberly's testimony at trial. In so finding, we do not ignore the case on which Appellant relies, *Mount v. Dir. of Revenue*, 62 S.W.3d 597 (Mo.App. W.D.2001). In *Mount*, the AIR, when coupled with the petitioner's testimony, was found to be so internally inconsistent and confusing that it could not provide sufficient evidence to support the revocation. *Id.* at 600. In the case before this court, the AIR, combined with the testimony of Moberly, was not contradicted by any other testimony. The ambiguities in the AIR were fully explained by Moberly. Therefore, we find that the trial court's ruling that Appellant "refused to submit to a chemical test of [his] breath" was supported by substantial evidence. *Zimmerman*, 72 S.W.3d at 637. The judgment of the trial court is affirmed.

PARRISH, J., and BATES, J., concur.

---

4. A driver's request to speak to an attorney after being advised of the Implied Consent Law abates the process of determining the driver's BAC for a twenty-minute waiting period or until the driver ceases attempting to contact an attorney. *Keim v. Dir. of Revenue*, 86 S.W.3d 177, 180 (Mo.App. E.D.2002).