**Anton Joseph KOTAR, Appellant,**

v.

**DIRECTOR OF REVENUE,**
**Respondent.**

**No. WD 64159.**

Missouri Court of Appeals,
Western District.

Sept. 6, 2005.

 

lieve that he was driving a motor vehicle in an intoxicated condition. In Point II, he claims that the trial court erred in finding that he knowingly and voluntarily refused to submit to a breath test, as requested, warranting revocation of his driving privileges by the Director, in accordance with § 577.041.3, because it misinterpreted and misapplied § 577.041.1 in finding, as required, that he was granted twenty minutes to contact an attorney once he requested to speak to one.

We reverse and remand as to Point II, rendering Point I moot.

Jeffrey S. Eastman, Gladstone, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, MO, Benita M. Seliga, Asst. Atty. Gen., Kansas City, MO, for respondent.

Before EDWIN H. SMITH, C.J., and LOWENSTEIN and ULRICH, JJ.

EDWIN H. SMITH, Chief Judge.

Anton Joseph Kotar appeals the order of the Circuit Court of Clinton County upholding the administrative revocation of his driving privileges by the Director of Revenue (Director). The Director revoked the appellant's driving privileges for one year, pursuant to § 577.041.3, for his refusal to submit to a breath test, as authorized by § 577.020, after he had been arrested for driving while intoxicated (DWI).

The appellant raises two points on appeal. In Point I, he claims that the trial court erred in revoking his driving privileges, pursuant to § 577.041.3, for refusing to submit to a breath test, as requested, because the record did not support the court's finding, required by § 577.041.4(2)(a) to revoke, that the arresting officer had reasonable grounds to be-

## Facts

The appellant's vehicle was stopped on July 3, 2004, at a sobriety checkpoint being conducted by the Missouri Highway Patrol at the intersection of Missouri Highway 116 and U.S. Highway 69 located in Clinton County, Missouri. Trooper John Huber, upon approaching, immediately noticed a smell of intoxicants emanating from the vehicle. At some point, Trooper Huber asked the appellant how much he had had to drink. The appellant told Trooper Huber that he had drunk one and a half beers.

Given his suspicions, Trooper Huber asked the appellant to step out of his vehicle to submit to several field sobriety tests. The appellant submitted to both the gaze nystagmus and walk-and-turn tests. He was also asked to perform the one-leg-stand test, but he declined because he thought it could not be performed properly given the conditions at the scene. During the administration of the tests, Trooper Huber noticed a moderate odor of alcohol emanating from the appellant's breath. He also noticed that the appellant's eyes were glassy and watery, and that his pupils were dilated. Based on the test results and his observations, Trooper Huber

placed the appellant under arrest for DWI and asked him to submit to a portable breath test to be administered at the scene.

In asking him to submit to the breath test, Trooper Huber advised the appellant, *inter alia*, as required by § 577.041.1, that if he failed to take the test as requested, his driving privileges would be revoked immediately by the Director for one year. The appellant requested to speak to an attorney before deciding whether to submit to the breath test. Having obtained from the appellant the name of the attorney he wished to contact, John Quinn, and Quinn's telephone number, which was obtained from the "dispatch in St. Joseph," "Lieutenant Beydler"[1] of the Patrol, using a cell phone provided by the Patrol, which was identified by the Director at oral argument on appeal as a personal cell phone of one of the officers, attempted to contact Quinn for twenty to twenty-five minutes, but was unsuccessful.

After again being asked to submit to a breath test, the appellant refused. As a result, his driving privileges were revoked for one year, pursuant to § 577.041.3. Pursuant to § 577.041.4, the appellant filed an application for a hearing to reinstate his driving privileges. A hearing for reinstatement under § 577.041.4 was held on February 13, 2004. On April 30, 2004, the trial court entered its judgment upholding the Director's revocation of the appellant's driving privileges.

This appeal followed.

## Standard of Review

■ Our review, here, is the same as in any other judge-tried case and is governed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). *Staton v. Dir. of Revenue, State of Mo.*, 14 S.W.3d 282, 284 (Mo.App.

2000). As such, we are to affirm the trial court's judgment upholding the Director's revocation of the appellant's driving privileges, for a breathalyzer refusal, unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.*

## I.

■ Because we find Point II dispositive of this appeal, we address it alone. In Point II, the appellant claims that the trial court erred in finding that he knowingly and voluntarily refused to submit to a breath test, as requested, warranting revocation of his driving privileges by the Director, in accordance with § 577.041.3, because it misinterpreted and misapplied § 577.041.1 in finding, as required, that he was granted twenty minutes to contact an attorney once he requested to speak to one. We agree.

■ Section 577.041.3 mandates that the Director revoke, for one year, the license of a person under arrest for DWI for refusing, when requested by the arresting officer, to submit to a chemical test allowed pursuant to § 577.020. Pursuant to § 577.041.4, "[i]f a person's license has been revoked because of the person's refusal to submit to a chemical test, such person may petition for a hearing before a circuit or associate circuit court in the county in which the arrest or stop occurred." At the hearing, the Director has the burden of proving all the requisite elements for upholding the revocation. *Testerman v. Dir. of Revenue, State of Mo.*, 31 S.W.3d 473, 475–76 (Mo.App.2000). In order to make a *prima facie* case for revocation for a refusal in a DWI case, the Director is required to show: (1) the driver was arrested; (2) the arresting officer

1. The record does not indicate what Lieutenant Beydler's first name is.

had reasonable grounds to believe the driver was driving while intoxicated; and (3) the driver refused to submit to an authorized chemical test as requested. § 577.041.4; *Mount v. Dir. of Revenue, State of Mo.*, 62 S.W.3d 597, 599 (Mo.App. 2001). If the Director makes a *prima facie* case for revocation for a refusal, the burden then shifts to the driver to rebut that case by a preponderance of the evidence. *Testerman*, 31 S.W.3d at 475–76. It is the third element of the Director's *prima facie* case for revocation, the refusal element, that is at issue in this point.

A "refusal," for purposes of § 577.041, means declining of one's own volition to submit to a chemical test authorized by § 577.020 when requested by an officer to do so. *Mount*, 62 S.W.3d at 599. A refusal occurs, in response to a request by an officer to submit to a chemical test, by expressly saying, "I refuse" or using similar language; by remaining silent; or in the case of a breath test, by not blowing into the Breathalyzer. *Id.* A qualified or conditional consent or refusal is considered a refusal, *except* where a driver qualifies a refusal on his having an opportunity to contact an attorney, as provided in § 577.041.1. *Mount*, 62 S.W.3d at 599. In that regard, § 577.041.1 provides:

> If a person when requested to submit to any test allowed pursuant to section 577.020 requests to speak to an attorney, the person shall be granted twenty minutes in which to attempt to contact an attorney. If upon the completion of the twenty-minute period the person continues to refuse to submit to any test, it shall be deemed a refusal.

In other words, "[w]hen a person conditions a refusal on consulting with an attorney but is not given a reasonable opportunity to do so, the person is not deemed to have refused to submit to a chemical test," for purposes of revoking his license, pursu-

ant to § 577.041.3. *Bacandreas v. Dir. of Revenue, State of Mo.*, 99 S.W.3d 497, 500 (Mo.App.2003). The purpose of the twenty-minute time requirement of § 577.041.1 "is to provide a person with a reasonable opportunity to contact an attorney." *Bacandreas*, 99 S.W.3d at 500. This purpose "is met when the driver attempts to contact an attorney unsuccessfully and the twenty minute statutory period expires or the driver abandons the attempt." *McMaster v. Lohman*, 941 S.W.2d 813, 817 (Mo.App.1997).

The Director concedes that when requested to submit to a breath test at the scene, the appellant conditionally refused, requesting an opportunity to contact an attorney, invoking the twenty-minute requirement of § 577.041.1. In that regard, the parties agree that Lieutenant Beydler, using a phone provided by the Patrol, attempted, but failed, within the allotted twenty minutes, to contact the attorney the appellant advised he wanted to contact, John Quinn. The State contends that Lieutenant Beydler's attempts to contact attorney Quinn for the appellant were sufficient, under the circumstances, to satisfy the twenty-minute requirement of § 577.041.1. The appellant claims that he was effectively denied the required twenty minutes to contact an attorney in that he was not allowed an opportunity to contact Quinn personally and that he was not informed, prior to the expiration of the twenty minutes, that the efforts of Lieutenant Beydler to contact Quinn on his behalf were unsuccessful, denying him any opportunity to contact another attorney.

In determining whether Lieutenant Beydler's actions, in attempting to call attorney Quinn for the appellant, were sufficient to satisfy the twenty-minute attorney requirement of § 577.041.1, as the Director contends, it is significant, as the appellant points out, that § 577.041.1 expressly pro-

vides that it is "the person" who is being asked to submit to a chemical test authorized by § 577.020 who is granted twenty minutes within which to attempt to contact an attorney. In that regard, § 577.041.1 reads: "If *a person* when requested to submit to any test allowed pursuant to section 577.020 requests to speak to an attorney, *the person* shall be granted twenty minutes in which to attempt to contact an attorney." (Emphasis added.) "The person" obviously refers to "a person" such that there can be no doubt, giving the language used its plain and ordinary meaning, *see State v. Williams*, 24 S.W.3d 101, 115 (Mo.App.2000) (stating that in interpreting a statute, we are to ascertain the intent of the legislature, giving the language used its plain and ordinary meaning), that the legislature intended that the right to contact an attorney, within the allotted twenty minutes, was a right of the driver to be exercised by him personally. The statute does not authorize the arresting officer to exercise that right on the driver's behalf or to make unilateral decisions for the driver as to the manner in which to exercise that right. And, while it seems reasonable to suggest that a driver could expressly authorize an officer to act on his behalf in attempting to contact an attorney, the Director does not argue on appeal, and there is nothing in the record to suggest, that that is what occurred here. Rather, in oral argument, the Director conceded that Lieutenant Beydler's efforts to contact attorney Quinn on the appellant's behalf resulted from there not being any telephone service at the sobriety checkpoint set up by the Patrol other than a personal cell phone of one of the troopers. And, while we can appreciate a trooper's reluctance to allow a stranger to use his cell phone, the appellant's statutory right to "personally" attempt to contact an attorney could not be ignored based on a circumstance created by the Patrol by choice, not by necessity.

In setting up the checkpoint to conduct on-site breath tests, it should have been obvious to the Patrol that it was inevitable that a driver would request an opportunity to try to contact an attorney, before deciding whether to take the requested test, such that it was necessary for the Patrol to have available the means by which a driver could exercise that statutory right. Otherwise, the Patrol could effectively trump the driver's right to have a reasonable opportunity to contact an attorney by creating a situation where the right could not be exercised. While there might be some compelling reasons for the Patrol's wanting to conduct on-site portable breath testing, the fact remains that it was not absolutely necessary to do so in the proper functioning of the Patrol's duties such that their choice in doing such testing should not be used as a shield for denying drivers their rights under the Implied Consent Law of this state, including the right to have a reasonable opportunity to contact an attorney.

▮▮▮ In unilaterally choosing to call attorney Quinn for the appellant, rather than allowing him personally to make the call, the twenty-minute attorney provision of § 577.041.1 was violated. However, the fact that a requirement of § 577.041.1 was violated does not automatically entitle the appellant to reinstatement of his license. *Bacandreas*, 99 S.W.3d at 500. To be entitled to such relief, the appellant has to have been actually prejudiced as a result of this non-compliance. *Id.* The burden, though, is on the Director to show that the appellant was not actually prejudiced by the non-compliance. *Id.* at 501. Here, the Director failed in that burden.

From the record, it is clear that the appellant refused the breath test because he would not take the test until he had

talked with an attorney. It is also clear that the appellant had no opportunity to attempt to contact an attorney other than Quinn because Lieutenant Beydler did not inform him, until it was too late, that he was unable to contact Quinn for the appellant. Under these circumstances, the Director did not meet her burden to show that the appellant had ceased attempting to contact Quinn and intended to make no additional attempts to contact an attorney within the allotted twenty minutes. *Id.* And, consequently, she did not carry her burden to show that the appellant was not actually prejudiced by being denied his statutory right of a reasonable opportunity to contact an attorney, as provided in § 577.041.1. *Id.*

### Conclusion

The judgment of the Circuit Court of Clinton County, upholding the Director's administrative revocation of the appellant's license for a breath test refusal, is reversed and the cause remanded for the court to enter its order directing the Director to set aside the revocation of the appellant's license.

LOWENSTEIN and ULRICH, JJ., concur.