**Christopher Henry FOSTER,**
**Petitioner–Respondent,**

v.

**DIRECTOR OF REVENUE, State of**
**Missouri, Respondent–Appellant.**

No. 26950.

Missouri Court of Appeals,
Southern District,
Division Two.

March 31, 2006.

On November 17, 2004, Officer Shawn Able ("Officer Able"), with the Lake of the Ozarks Police Department, was dispatched to Taco Bell in Osage Beach, to assist officers at the scene of an assault. While en route, Officer Able spotted a vehicle matching the description given of the one involved in the assault. After observing the vehicle swerving over the center line, Officer Able activated his emergency lights and pulled it over.

Officer Able drew his weapon and ordered the driver out of the vehicle. The driver, later identified as Foster, was handcuffed and turned over to Osage Beach Police Officers, Corporal Darrin Skinner ("Corporal Skinner") and Brandon Wyrick ("Officer Wyrick"). As Corporal Skinner was taking custody of Foster he noticed that Foster appeared to be intoxicated, so he read Foster his *Miranda* rights and asked him to do field sobriety tests, but Foster refused. Corporal Skinner placed Foster under arrest and had him transported to the police station.

When Foster arrived, Officer Wyrick read him the Alcohol Influence Report, including the implied consent form. Foster was asked to submit to a breathalyzer test to determine his level of intoxication, at which point he requested to speak with an attorney.[1] Foster was ultimately marked down as refusing to take the test and taken to a cell.

Jeremiah W. (Jay) Nixon, Atty. Gen. and Cheryl Caponegro Nield, Assistant Attorney General, Jefferson City, for Appellant.

Richard L. Schnake, Neale & Newman, L.L.P., Springfield, for Respondent.

PHILLIP R. GARRISON, Judge.

The Director of Revenue ("Director") appeals from the judgment of the trial court reinstating the driving privileges of Christopher Henry Foster ("Foster"). We affirm.

Foster's license was revoked for refusing to submit to a breathalyzer test pursuant to Section 577.041.[2] He filed a petition for review and application for rehearing and after a bench trial, the trial court reinstated Foster's driving privileges, finding that he did not refuse to submit to a

---

**1.** Testimony regarding the opportunity given to Foster to contact an attorney is conflicting and is discussed at greater length below.

**2.** All references to statutes are to RSMo Cum. Supp. (2005) unless otherwise indicated.

breathalyzer test. The Director now appeals.

■ In his sole point on appeal, Director claims the trial court erred in reinstating Foster's driving privileges because its judgment is against the weight of the evidence and is unsupported by substantial evidence. Specifically, Director argues that Foster did not controvert evidence showing he was given in excess of twenty minutes to contact counsel before refusing to submit to a breathalyzer test. We disagree.

■ Our review of a bench-tried case is governed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976).[3] Therefore, we will affirm the trial court's decision unless it is unsupported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* at 32. When assessing the sufficiency of evidence, we view the evidence and all reasonable inferences drawn therefrom in the light most favorable to the judgment and disregard all contrary evidence and inferences. *Mayfield v. Director of Revenue*, 100 S.W.3d 847, 848 (Mo.App. S.D.2003). "A trial court may accept or reject all, part or none of the testimony of any witness, and this Court must defer to the ability of the trial court to judge the credibility of a witness and ascertain the facts." *Id.* at 848. Where the evidence is uncontroverted or admitted there is no need to defer to the trial court's judgment. *Brown v. Director of Revenue*, 164 S.W.3d 121, 125 (Mo.App. E.D.2005).

■ In order to establish a prima facie case for revocation of a driver's license in a refusal context, the Director is required to show: (1) the driver was arrested; (2) the arresting officer had reasonable grounds to believe that the driver was driving while intoxicated; and (3) the driver refused to submit to chemical testing. § 577.041.4; *Kotar v. Director of Revenue*, 169 S.W.3d 921, 924–25 (Mo.App. W.D. 2005). The Director has the burden of establishing each element by a preponderance of the evidence. *Mings v. Director of Revenue*, 165 S.W.3d 524, 525 (Mo.App. W.D.2005). Failure to satisfy the burden on any element will result in reinstatement of the license to drive a motor vehicle. *Id.*

■ The refusal element is the only one at issue in this case. "A 'refusal,' for purposes of [Section] 577.041, means declining of one's own volition to submit to a chemical test authorized by [Section] 577.020 when requested by an officer to do so." *Kotar*, 169 S.W.3d at 925. A refusal may occur expressly, by remaining silent, or in the case of a breath test, by not blowing into the breathalyzer. *Id.* A qualified or conditional consent is a refusal except where consent is conditioned on having an opportunity to speak with an attorney. *Id.* Section 577.041.1 provides in relevant part:

> If a person when requested to submit to any test allowed pursuant to section 577.020 requests to speak to an attorney, the person shall be granted twenty minutes in which to attempt to contact an attorney. If upon the completion of the twenty-minute period the person continues to refuse to submit to any test, it shall be deemed a refusal.

■ "Section 577.041.1 provides a twenty-minute opportunity for detained persons to consult an attorney before deciding whether to submit to a chemical test." *Long v. Director of Revenue*, 65 S.W.3d

---

**3.** *Murphy* interpreted the provisions of Rule 73.01(c). The provisions of that rule now appear in essentially the same form in Rule 84.13(d), Missouri Rules of Civil Procedure (2005).

545, 549 (Mo.App. W.D.2001). The purpose of this provision is to provide a person with a reasonable opportunity to contact an attorney. *Kotar*, 169 S.W.3d at 925.

At trial, according to Officer Wyrick's testimony, when Foster requested to speak with an attorney, he was handed a phone book and given approximately twenty-five minutes to do so. Foster made no attempts to call or even look up an attorney in the phone book. After twenty-five minutes had expired, Officer Wyrick again read the implied consent form to Foster and asked him to take the breathalyzer test. According to Officer Wyrick, Foster repeatedly said he was not refusing to take the test, but he did not wish to take it. After Officer Wyrick had requested Foster to take the breathalyzer test eight to ten times, he marked Foster down as a refusal. Officer Wyrick testified that Corporal Skinner was present when he marked Foster down as a refusal; however, Corporal Skinner testified he was not present at that time.

According to Foster's testimony, he asked to speak to an attorney as he was standing in front of the breathalyzer machine. Foster explained that both Officer Wyrick and Corporal Skinner were present at the time. He related that he did not refuse to submit to the breathalyzer test, but informed Officer Wyrick and Corporal Skinner he was not going to take the test without first talking to an attorney. In response to his request to contact an attorney, Foster was told by Corporal Skinner "[t]hat's refusal." He was then taken to a cell without further opportunity to speak with a lawyer or take the breathalyzer test. Foster denied that he was ever provided with a phone book in order to contact an attorney.

After reviewing the testimony and evidence presented, the trial court determined that it "disbelieve[d] some of the testimony presented ... and specifically [found] that [Foster] did not refuse to submit to any test."

The Director argues that the judgment of the trial court must be reversed because Foster never denied having received twenty minutes to contact an attorney; therefore, Officer Wyrick's testimony that he provided Foster twenty-five minutes was uncontroverted. We agree with the Director that the applicable standard of review does not allow this Court to "disregard uncontroverted evidence [ ] support[ing] Director's contention that all elements were proved." *Hopkins–Barken v. Director of Revenue*, 55 S.W.3d 882, 885 (Mo.App. E.D.2001). However, in the present case, evidence that Foster was given the requisite twenty minutes to contact an attorney did not go uncontroverted.

Foster testified that when he requested to speak with an attorney before blowing into the breathalyzer he was told "[t]hat's refusal." The trial court could draw a reasonable inference from Foster's testimony that this occurred instantaneously and that he was not given twenty minutes to contact an attorney. The trial court recognized that "there was evidence presented, which if believed by the Court, would have led to a different result." In making its finding that "[Foster] did not refuse to submit to any test," the trial court explained that it "disbelieve[d] some of the testimony presented." Deferring to the ability of the trial court to judge the credibility of witnesses and ascertain the facts, *Mayfield*, 100 S.W.3d at 848, we find the trial court's judgment reinstating the driving privileges of Foster is supported by substantial evidence and is not against the weight of the evidence. Point denied.

The judgment of the trial court is affirmed.

BATES, C.J., and SHRUM, P.J., concur.