Raymond L. NORRIS, Respondent,

v.

DIRECTOR OF REVENUE, State
of Missouri, Appellant.

No. SC 89994.

Supreme Court of Missouri,
En Banc.

Feb. 9, 2010.

---

Chris Koster, Atty. Gen., Edwin R. Frownfelter, Asst. Atty. Gen., Kansas City, for appellant.

David Simpson, St. James, for respondent.

RICHARD B. TEITELMAN, Judge.

The director of revenue appeals from a judgment reinstating driving privileges for Raymond Norris. The trial court found that the arresting officer did not give Norris 20 minutes to contact an attorney as required by section 577.041.1.[1] The judgment is affirmed.

## FACTS

While on patrol at approximately 3 a.m., a police officer observed a vehicle pull into the parking lot of closed restaurant. The officer followed the vehicle and activated the emergency lights on his patrol car. The officer identified the driver as Raymond Norris. The officer testified that Norris was agitated, aggressive, sweating and hard to understand. Norris consented to a search of his vehicle. The officer found methamphetamine and arrested Norris. Norris requested an attorney after the officer informed Norris of his rights pursuant to *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

The officer transported Norris to the police station and, at 4:13 a.m., informed Norris of the implied consent law set forth in section 577.020. Norris did not renew his previous request for an attorney and refused to submit to a blood test. The officer reminded Norris that refusal to take the test would result in the revocation of his driver's license. At 4:16 a.m., the officer recorded Norris' refusal to submit to chemical testing. As a result of Norris' refusal to submit to chemical testing, the director revoked Norris' driver's license.

Norris filed a petition to review his license revocation. The circuit court reinstated Norris' license. The director appeals. The director argues that Norris was not entitled to 20 minutes to contact an attorney because he did not renew his request for counsel after the officer advised Norris of the implied consent law. Norris argues that his post-*Miranda* request for an attorney triggered his right to 20 minutes to contact an attorney after the officer read the implied consent law.

## ANALYSIS

I. *Standard of Review*

■ Resolution of this case depends on the interpretation of section 577.041.1. This is a legal question of statutory interpretation that is reviewed de novo. *Junior College Dist. of St. Louis v. City of St. Louis,* 149 S.W.3d 442, 446 (Mo. banc 2004).

---

1. Statutory references are to RSMo 2000, as amended through 2005.

## II. *Section 577.041.1*

 When the language of a statute is clear, the court must give effect to the language as written. *State ex rel. White Family Partnership v. Roldan*, 271 S.W.3d 569, 572 (Mo. banc 2008). A court will look beyond the plain meaning of the statute only when the language is ambiguous or would lead to an absurd or illogical result in light of the statutory purpose. *Spradlin v. City of Fulton*, 982 S.W.2d 255, 258 (Mo. banc 1998).

 In pertinent part, section 577.041.1 provides as follows:

> If a person when requested to submit to any test allowed pursuant to section 577.020 requests to speak to an attorney, the person shall be granted twenty minutes in which to attempt to contact an attorney. If upon the completion of the twenty-minute period the person continues to refuse to submit to any test, it shall be deemed a refusal.

Section 577.041.1 is violated, therefore, if an officer fails to allow a driver, upon request, 20 minutes to attempt to contact an attorney after being read the implied consent law. However, the driver must be prejudiced by the officer's failure to comply with the statute. *Kotar v. Dir. of Revenue*, 169 S.W.3d 921, 926 (Mo.App. 2005). The director bears the burden of proving the driver was not prejudiced by the officer's failure to comply with section 577.041.1. *Id.* The statute does not require an officer to inform the driver of the right to seek legal counsel under section 577.041.1. *Williams v. Dir. of Revenue*, 277 S.W.3d 318 (Mo.App.2009); *Paxton v. Dir. of Revenue*, 258 S.W.3d 68, 71 (Mo. App.2008).

The director acknowledges that Norris requested an attorney prior to being read the implied consent law. However, the director maintains that Norris did not invoke the 20–minute rule set forth in section 577.041.1 because he did not request an attorney after the officer informed Norris of the implied consent law. Specifically, the director notes that the 20–minute rule applies only "[i]f a person when requested to submit to any test allowed pursuant to section 577.020 requests to speak to an attorney...." According to the director, therefore, the language of section 577.041.1 allows a driver 20 minutes to contact an attorney only if the driver requests to speak to an attorney after being asked to submit to a chemical test.

The court of appeals has reached conflicting results when addressing this issue. In two cases, the court held that the plain language of section 577.041.1 provides that the 20–minute waiting period for purposes of contacting an attorney is triggered only if the driver asks to speak to an attorney after he or she has been asked to submit to a chemical test. *Paxton*, 258 S.W.3d at 72; *Williams*, 277 S.W.3d at 321.

Conversely, in *Schussler v. Fischer*, 196 S.W.3d 648, 652 (Mo.App.2006), the court held that "whether the request to speak to an attorney comes before or after the implied consent law is read, section 577.041.1's twenty minute waiting period begins running immediately after the officer has informed the driver of the implied consent law." The *Schussler* court predicated its holding on the recognition that most drivers are probably not aware of the 20–minute rule in section 577.041.1. Therefore, a driver who requests to speak to an attorney after being given a *Miranda* warning but before being read the implied consent law is likely unaware that he or she has the right to request to speak to an attorney after being read the implied consent law. *Id.*

 The reasoning in *Schussler* is persuasive. The purpose of section 577.041.1 is to provide the driver with a reasonable

opportunity to contact an attorney to make an informed decision as to whether to submit to a chemical test. *Id.* at 651; *Kotar*, 169 S.W.3d at 925. When the driver requests to speak to an attorney after the *Miranda* warning is given but before being read the implied consent law, the driver has not been informed of the consequences of refusing to submit to a chemical test. This lack of information makes it difficult for the driver to make an informed decision, particularly in light of the fact that the officer has no legal obligation to inform the driver of his or her rights under section 577.041.1.

The Court holds that when a person has requested an attorney, the 20–minute time period in section 577.041.1 begins immediately after the officer has informed the driver of the implied consent law, irrespective of whether the driver requested an attorney before or after an officer informs the person of the implied consent law. *Schussler*, 196 S.W.3d at 652. To hold otherwise would place an undue burden on the driver, defeat the purpose of the statute, and wholly invalidate a driver's clear and potentially repeated requests to contact an attorney.

In this case, Norris' request to speak to an attorney after being given the *Miranda* warning, but before being read the implied consent law, was sufficient to invoke the 20–minute rule. The timeline of this case also makes it clear that Norris was not given 20 minutes to contact an attorney after being informed of the implied consent law. Under these circumstances, the director did not show that Norris was not prejudiced by being denied his statutory right of a reasonable opportunity to contact an attorney, as provided in section 577.041.1. The circuit court did not err in reinstating Norris' driving privileges.

The judgment is affirmed.[2]

All concur.

2. Norris also argues that his driving privileges should be reinstated because there was no probable cause to justify his arrest. Given the disposition of this case, there is no need to address this point.