Samuel WEIL, Appellant,

v.

DIRECTOR OF REVENUE, State of Missouri, Respondent.

No. ED 91753.

Missouri Court of Appeals, Eastern District, Division Five.

Feb. 23, 2010.

Matthew D. Fry, Kathryn E. Crose, St. Louis, MO, for Appellant.

Chris Koster, Chastity Dillon–Amelung, Clayton, MO, for Respondent.

ROY L. RICHTER, Judge.

Samuel Weil ("Driver") appeals the trial court's judgment sustaining the Order of the Director of Revenue ("the Director") that revoked Driver's driving privileges. Pursuant to *Norris v. Dir. of Revenue*, 304 S.W.3d 724, 2010 WL 444883 (Mo. banc 2010), the judgment is reversed.

## I. BACKGROUND

Officer Erin Hines ("Hines") stopped Driver for running a red light and causing another officer to swerve to avoid a collision. Hines noticed multiple indicia of intoxication during the contact with Driver and requested that Driver perform certain field sobriety tests. Driver refused to perform any tests and requested that his attorney be present for any testing.

Hines placed Driver under arrest and advised him of his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), at which point Driver stated: "I know, I have done this before." A records check disclosed that Driver's license was revoked for failure to submit to chemical testing.

Driver requested to speak to his attorney at 3:24 a.m., but was unable to make contact. Twenty-two minutes later, at 3:46 a.m., Officer Theo Wyman read Driver the implied consent provisions of section 577.041.1 [1], and asked Driver to submit to a chemical breath test. The officers recorded that Driver refused to submit to a breath test at 3:46 a.m.[2] Officers once again read Driver his *Miranda* rights at 3:47 a.m. Driver's refusal to take the breath test resulted in a one-year revocation of his license.

Driver sought review in the trial court, and the court affirmed the Director's decision. The trial court found that the 20–minute period had been violated, but that Driver did not suffer prejudice as a result. Driver appeals.

## II. DISCUSSION

In his sole point on appeal, Driver argues that the trial court erred in sustaining the Order of the Director because officers improperly denied him 20 minutes to contact his attorney after reading Driver the implied consent law, in violation of section 577.041.1, and that Driver suffered prejudice as a result. We agree.

The Missouri Supreme Court recently interpreted the 20–minute provision of sec-

---

1. All statutory references are to RSMo 2000.

2. Driver testified that he again asked to contact his attorney after Officer Wyman read him the implied consent law. Whether or not Driver requested to speak to his attorney again after being read implied consent is not material to our decision because we hold that Driver's rights were violated even under the State's version of events.

tion 577.041.1 in *Norris v. Dir. of Revenue,* 304 S.W.3d 724, 2010 WL 444883 (Mo. banc 2010). Norris requested an attorney prior to being read the implied consent law, but did not renew his request after police read him the law. 304 S.W.3d at 726. He subsequently refused a blood test, and the Director revoked his license as a result. 304 S.W.3d at 725.

Regarding whether Norris's request for an attorney prior to being informed of the implied consent law properly invoked the 20–minute rule set forth in section 577.041.1, the Missouri Supreme Court held:

> [W]hen a person has requested an attorney, the 20–minute time period in section 577.041.1 begins immediately after the officer has informed the driver of the implied consent law, irrespective of whether the driver requested an attorney before or after an officer informs the person of the implied consent law.

304 S.W.3d at 727. The Supreme Court rejected the Director's argument that "Norris did not invoke the 20–minute rule set forth in section 577.041.1 because he did not request an attorney after the officer informed Norris of the implied consent law." 304 S.W.3d at 726. Such an interpretation, the Court said, would "place an undue burden on the driver, defeat the purpose of the statute, and wholly invalidate a driver's clear and potentially repeated requests to contact an attorney." 304 S.W.3d at 727.

■ "This court is constitutionally bound to follow the most recent controlling decision of the Missouri Supreme Court." *C & F Invs., LLC v. Hall,* 149 S.W.3d 557, 559 n. 4 (Mo.App. E.D.2004) (citing *Mo. Const. art. V, sec. 2* ).

■ Here, as in *Norris,* Driver's request to speak to an attorney before being read the implied consent law was sufficient to invoke the 20–minute rule. 304 S.W.3d at 727. *Norris* requires the officers to afford Driver 20 minutes in which to attempt to contact his attorney after being read implied consent "irrespective of whether the driver requested an attorney before or after an officer informs the person of the implied consent law." Slip op. at 5 (quoting *Schussler v. Fischer,* 196 S.W.3d 648, 652 (Mo.App. W.D.2006)).

■ "It is crucial that the Director has the burden of showing that [the driver] was not prejudiced by the violation of the implied consent law." *Schussler,* 196 S.W.3d at 653 (citing *Kotar v. Dir. of Revenue,* 169 S.W.3d 921, 926 (Mo.App. W.D.2005); *Keim v. Dir. of Revenue,* 86 S.W.3d 177, 182 (Mo.App. E.D.2002)).

Revocation of his license demonstrates that Driver was prejudiced by the violation of section 577.041.1. Per *Norris,* we hold that the trial court erred in refusing to reinstate Driver's driving privileges.

## III. CONCLUSION

The judgment of the trial court is reversed and remanded with directions that Driver's driving privileges be reinstated.

KENNETH M. ROMINES, C.J., and CLIFFORD H. AHRENS, J., concur.