

# In the
# Missouri Court of Appeals
# Western District

BREEANNA K. KISNER,

Appellant,

v.

DIRECTOR OF REVENUE,

Respondent.

WD84603

OPINION FILED:

April 26, 2022

Appeal from the Circuit Court of Jackson County, Missouri
The Honorable Kea Shani Bird-Riley, Judge

Before Division Two:
Karen King Mitchell, P.J., Edward R. Ardini, Jr. and Thomas N. Chapman, JJ.

Breeanna Kisner ("Kisner") appeals the judgment of the Jackson County Circuit Court sustaining the Director of Revenue's ("Director") revocation of her driver's license. In her sole point on appeal, Kisner contends that her refusal to submit to a chemical test of her breath was not knowing and consensual because she was not given 20 minutes to contact counsel after being read the implied consent law. The judgment is reversed, and the case is remanded.

## Background

On April 24, 2019, Kisner was stopped for speeding and eventually arrested for driving under the influence by Officer Jordan Infranca of the Kansas City, Missouri Police Department. Officer Infranca transported Kisner to the South Patrol Detention Center.

At 10:30 p.m., Officer Infranca examined Kisner's mouths for foreign objects. Kisner then requested to speak to an attorney. She was allowed to contact attorneys from 10:31 p.m. until 10:53 p.m. At 10:55 p.m., Officer Infranca read Kisner Missouri's implied consent law. Kisner refused to give a breath sample. The officer then read Kisner the *Miranda* warnings, and she declined to answer any questions without her attorney present. At 11:05 p.m., Officer Infranca entered a refusal into the breath testing instrument. Officer Infranca issued Kisner a notice of revocation of her driver's license for one year for refusal to submit to a breath test.

Kisner timely filed a petition for review of the revocation under section 302.574.[1] After an evidentiary hearing, the trial court affirmed the Director's revocation finding, in pertinent part, that Kisner was afforded 22 minutes within which to contact an attorney albeit prior to being read the implied consent law and that she did not make a specific and explicit request to confer with counsel, and abandoned the twenty-minute period by not attempting to contact an attorney, after being read the implied consent law. This appeal by Kisner followed.

## Discussion

In her sole point on appeal, Kisner contends that the trial court erroneously applied the law in sustaining the Director's revocation of her driver's license for refusal to submit to a breath test. She argues that her refusal was not knowing and consensual because she was not given 20 minutes to contact counsel after the officer read her the implied consent law. The Director concedes that the judgment must be reversed, and the case remanded to the trial court for further proceedings.

---

[1] All statutory references are to RSMo 2016 as supplemented through the 2021 Cumulative Supplement.

Resolution of this case is based on the interpretation of the 20-minute rule in section 577.041.3, which is reviewed *de novo*. *Norris v. Dir. of Revenue*, 304 S.W.3d 724, 725 (Mo. banc 2010). That rule provides:

> If a person when requested to submit to any test allowed pursuant to section 577.020 requests to speak to an attorney, the person shall be granted twenty minutes in which to attempt to contact an attorney. If, upon completion of the twenty-minute period the person continues to refuse to submit to any test, it shall be deemed a refusal.

§ 577.041.3. In *Norris*, the Missouri Supreme Court interpreted the 20-minute rule. *Weil v. Dir. of Revenue*, 304 S.W.3d 768, 769-70 (Mo. App. E.D. 2010). The driver in *Norris* requested an attorney prior to being read the implied consent law, but did not renew the request after being read the law. *Norris*, 304 S.W.3d at 726; *Weil*, 304 S.W.3d at 770. The driver subsequently refused a blood test, and the Director revoked his license. *Norris*, 304 S.W.3d at 725; *Weil*, 304 S.W.3d at 770.

> The Supreme Court held:

> [W]hen a person has requested an attorney, the 20-minute time period in section 577.041[.3] begins immediately after the officer has informed the driver of the implied consent law, irrespective of whether the driver requested an attorney before or after an officer informs the person of the implied consent law.

*Norris*, 304 S.W.3d at 727. It rejected the argument that the driver did not invoke the 20-minute rule because he did not request an attorney after being read the implied consent law. *Id.* at 726. It explained:

> The purpose of section 577.041[.3] is to provide the driver with a reasonable opportunity to contact an attorney to make an informed decision as to whether to submit to a chemical test. When the driver requests to speak to an attorney…before being read the implied consent law, the driver has not been informed of the consequences of refusing to submit to a chemical test. This lack of information makes it difficult for the driver to make an informed decision, particularly in light of the fact that the officer has no legal obligation to inform the driver of his or her rights under section 577.041[.3].

3

*Id.* at 726-27 (citations omitted). Thus, the driver's request to speak to an attorney before being read the implied consent law was sufficient to invoke the 20-minute rule, and the denial of the driver's statutory right of a reasonable opportunity to contact an attorney prejudiced him. *Id.* 727.

"This court is constitutionally bound to follow the most recent controlling decision of the Missouri Supreme Court." *Weil*, 304 S.W.3d at 770 (internal quotes and citation omitted). As in *Norris*, Kisner's request to speak to an attorney before being read the implied consent law was sufficient to invoke the 20-minute rule of section 577.041.3. *Norris*, 304 S.W.3d at 727. *See also Weil*, 304 S.W.3d at 769-70 (where driver requested to speak to attorney at 3:24 a.m. but was unable to make contact, was read the implied consent law at 3:46 a.m., and was then asked and refused to submit to a breath, driver's request was sufficient to invoke the 20-minute rule). The failure to provide Kisner 20 minutes to contact an attorney after being read the implied consent law (despite being afforded that opportunity before) violated the 20-minute rule, and resulted in prejudice to her. *Norris*, 304 S.W.3d at 727; *Weil*, 304 S.W.3d at 770.

The trial court erred in sustaining the Director's revocation of Kisner's driver's license and in failing to reinstate her driving privileges. The point is granted.

The judgment of the trial court is reversed, and the case is remanded for further proceedings consistent with this opinion.

_____
Thomas N. Chapman, Judge

All concur.

4