**Kindra L. SNIDER, Plaintiff–Respondent,**

v.

**DIRECTOR OF REVENUE, State of Missouri, Respondent–Appellant.**

No. SD 30072.

Missouri Court of Appeals, Southern District, Division Two.

July 8, 2010.

Chris Koster, Atty. Gen., James A. Chenault, Jefferson City, MO, for Appellant.

Stacie Calhoun Bilyeu, Springfield, MO, for Respondent.

NANCY STEFFEN RAHMEYER, Judge.

The Director of Revenue ("the Director") revoked the driver's license of Kindra L. Snider ("Respondent") for one year after she refused to submit to a chemical test pursuant to section 577.041 [1] to determine her blood alcohol content. Respondent then filed a petition for review with the trial court and, following a hearing, the trial court entered a judgment ordering the Director to reinstate Respondent's driver's license. The Director now appeals, contending the trial court erred in reinstating Respondent's driving privileges because its judgment is not supported by substantial evidence and misapplies the law.

## I. Factual Background

The evidence produced at trial includes the following. On March 8, 2008, Respondent was arrested for driving while intoxicated. At the jail, Respondent was advised of her rights pursuant to Missouri's Implied Consent law at 1:42 a.m. [2] At the same time, Respondent requested to speak to an attorney. Respondent was given a phone book and then called her parents. At 1:52 a.m., ten minutes after requesting to speak to an attorney, the officer again read Missouri's Implied Consent law and Respondent was deemed to have refused to take the breath test.

The trial court found that "[Respondent] had not abandoned her attempt to contact an attorney when the [o]fficer deemed her to have refused to submit to said test prior to the running of the requisite 20 minute waiting period," at the revocation hearing and determined that "[Respondent] did not knowingly refuse to submit to a chemical test of her blood/alcohol content" and reversed the revocation of Respondent's driver's license. In the sole point on appeal, the Director claims the trial court erred in reinstating Respondent's driving privileges because its judgment is not supported by substantial evidence and misapplies the law. Specifically, the Director claims Respondent abandoned her request for a lawyer, thereby waiving the right to the twenty-minute window a person in custody is, upon request, required to be provided with to contact an attorney under section 577.041.1.

## II. STANDARD OF REVIEW

This Court will overturn the judgment of the court below if there is no substantial evidence to support it, it is against the weight of the evidence, or the court erroneously declared or applied the law. *Hinnah v. Director of Revenue*, 77 S.W.3d 616,

---

1. All references to statutes are to RSMo Cum. Supp.2005, and all rule references are to Missouri Court Rules (2009), unless otherwise specified.

2. The arresting Officer testified at trial that he informed Respondent of her rights under the Missouri Implied Consent Law at 1:41 a.m., whereas in the Alcohol Influence Report, the Officer noted that time as 1:42 a.m.

620 (Mo. banc 2002). We review the evidence supporting the circuit court's judgment as true, including all reasonable inferences drawn from such evidence, and disregard any contrary evidence or inferences. *Mount v. Director of Revenue*, 62 S.W.3d 597, 598 (Mo.App. W.D.2001).

## II. DISCUSSION

At a revocation hearing, the court below determines three issues: (1) whether the person was arrested; (2) whether the law enforcement officer had reasonable grounds to believe that the person was driving a motor vehicle in an intoxicated state; and (3) whether the person refused to submit to a chemical test. *Id.* at 599. The Director has the burden of establishing each element by a preponderance of the evidence. *Mings v. Director of Revenue*, 165 S.W.3d 524, 525 (Mo.App. W.D.2005). The first two elements are not contested.

Section 577.041.1 provides, in relevant part:

If a person when requested to submit to any test allowed pursuant to section 577.020 requests to speak to an attorney, the person shall be granted twenty minutes in which to attempt to contact an attorney. If upon the completion of the twenty-minute period the person continues to refuse to submit to any test, it shall be deemed a refusal.

On its face, section 577.041 provides a twenty-minute opportunity for detained persons to consult an attorney before deciding whether to submit to a chemical test. *Foster v. Director of Revenue*, 186 S.W.3d 928, 930 (Mo.App. S.D.2006). The purpose of the twenty-minute provision is to provide a reasonable opportunity for the subject to contact an attorney regarding the decision of whether to submit to a chemical test. *Schussler v. Fischer*, 196 S.W.3d 648, 653 (Mo.App. W.D.2006). Section 577.041.1 legislatively defines reasonable opportunity as twenty minutes. *Bacandreas v. Director of Revenue*, 99 S.W.3d 497, 500 (Mo.App. E.D.2003). The twenty-minute provision is met when the person attempts to contact an attorney unsuccessfully and the twenty-minute statutory period expires, or the person abandons the attempt. *White v. Director of Revenue*, 255 S.W.3d 571, 578 (Mo.App. S.D.2008). At issue here is whether Respondent abandoned her attempt to contact an attorney.

Abandonment occurs where the person "made all the attempts he or she wants to make and reaches a decision to refuse to submit to the test before the twenty minutes has elapsed." *Bacandreas*, 99 S.W.3d at 500. Even if the requirements of section 577.041.1 are not satisfied, automatic relief is not available to a person; instead, the person must actually be prejudiced as a result of an officer's non-compliance with the statutory requirements. *Id.* The burden to show Respondent abandoned her attempts to contact her lawyer before the expiration of twenty minutes is on the Director, as is the burden to show that the subject did not suffer actual prejudice as a result of being denied twenty minutes to contact an attorney. *Id.* at 500–01; *Keim v. Director of Revenue*, 86 S.W.3d 177, 181–82 (Mo. App. E.D.2002).

The Director argues that Respondent abandoned any attempt to contact an attorney and, therefore, was not entitled to receive the full statutory twenty minutes. The Director presented no evidence that Respondent ceased attempting to contact an attorney or that she indicated that she intended to make no additional attempts to contact an attorney. Likewise, the record does not indicate that the Director presented any such or similar evidence that Respondent did not suffer actual prejudice. The Director wants this Court to infer from the evidence that Respondent abandoned her attempt. The Director con-

tends the inference should be drawn because Respondent called her parents.

The ultimate goal of section 577.041.1 is that any refusal to take a test is voluntary and unequivocal. *Long v. Director of Revenue,* 65 S.W.3d 545, 550 (Mo.App. W.D. 2001). "Of course, the simplest way to be sure is to give the driver the period of time mandated by the Legislature[.]" *Id.* Here, the trial court could have drawn the inference suggested by the Director from the evidence presented, but its judgment makes clear it did not. Thus, the Director's proposed inference is contrary to the judgment, and under our standard of review we are required to disregard all contrary inferences.

The Director did not meet her burden to show both that Respondent had ceased attempting to contact her attorney and that she intended to make no additional attempts to contact an attorney [3] or that Respondent was not actually prejudiced [4] as a result of being denied twenty minutes to contact an attorney.

The Director's point is denied and the judgment is affirmed.

LYNCH, P.J., and FRANCIS, J., concur.

---

3.  For example, in *White,* 255 S.W.3d 571 (Mo. App. S.D.2008), White was arrested for driving with a suspended license. *Id.* at 575. The officer smelled alcohol on White and read him Missouri's Implied Consent law. *Id.* White requested an attorney, but was determined by the officer to have refused the breath test seven minutes after this request. *Id.* at 575–76. This Court affirmed the trial court's judgment reinstating White's driver's license because the Director's argument that White abandoned his attempt to contact a lawyer was contrary to the judgment. *Id.* at 580.

4.  For instance, in *Keim,* 86 S.W.3d 177 (Mo. App. E.D.2002), Keim was arrested for driving while intoxicated and was read Missouri's Implied Consent law. *Id.* at 179. She requested an attorney, but instead called a friend for advice. *Id.* The officer determined Keim refused to submit to a chemical test nine minutes later. *Id.* The trial court's judgment revoked Keim's driver's license and the Eastern District of this Court reversed because the Director did not meet her burden of showing Keim was not actually prejudiced. *Id.* at 180–82.