

# Missouri Court of Appeals

## Southern District

### Division Two

JESSICA NICHOLE RIALS,      )
                            )
    Petitioner-Appellant,   )
                            )
v.                          )        No. SD33830
                            )
DIRECTOR OF REVENUE,        )        Filed: March 3, 2016
                            )
    Respondent-Respondent.  )

APPEAL FROM THE CIRCUIT COURT OF STONE COUNTY

Honorable Mark Stephens, Associate Circuit Judge

**<u>AFFIRMED</u>**

Jessica Nichole Rials ("Driver") appeals the judgment of the circuit court

upholding the decision of the Director of Revenue ("the Director") to revoke Driver's

driving privileges under section 577.041 for refusing to submit to a chemical test of her

breath.[1]  Driver's sole point on appeal claims the

> trial court erred in finding that [Driver] abandoned her attempt to contact
> an attorney, because a finding of abandonment required a showing by [the
> Director] that [Driver] ceased attempting to contact an attorney and
> indicated that she intended to make no additional attempts to contact an
> attorney within the twenty-minute period . . . and [Driver] neither took any

---

[1] Unless otherwise indicated, all statutory references are to RSMo Cum. Supp. 2013.

1

action nor made any statement to indicate that she intended to make no additional attempts to contact an attorney.[2]

Finding no such error, we affirm.

## Standard of Review and Applicable Law

We will uphold the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Miller v. Dir. of Revenue*, 277 S.W.3d 290, 292 (Mo. App. W.D. 2009).[3]

Section 577.041.1 provides, in relevant part:

> If a person when requested to submit to any test allowed pursuant to section 577.020 requests to speak to an attorney, the person shall be granted twenty minutes in which to attempt to contact an attorney. If upon the completion of the twenty-minute period the person continues to refuse to submit to any test, it shall be deemed a refusal.

"The limited right to attempt to contact an attorney recognized by § 577.041.1 is purely of statutory origin; a driver has no constitutional right to consult with an attorney before deciding whether to submit to a blood-alcohol test." *Green v. Dir. of Revenue*, 386 S.W.3d 858, 861 (Mo. App. W.D. 2012) (citing *Akers v. Dir. of Revenue,* 193 S.W.3d 325, 328–29 (Mo. App. W.D. 2006)).

---

[2] Driver's point is defective in that it fails to state concisely the legal reasons supporting her claim of reversible error, and it fails to explain in summary fashion why, in the context of her case, those legal reasons support her claim of reversible error. *See* Rule 84.04(d)(1)(B) and (C). The point is followed, however, by a reference to section 577.041, which provides for the twenty-minute time period to which we assume Driver is referring. All citations to rules are to Missouri Court Rules 2015.

[3] Although Driver correctly cites the applicable standard of review, she fails to identify which -- if any -- of the four available grounds for reversal she is relying upon. As best we understand it, Driver's claim assumes the facts to be in accordance with certain testimony Driver provided and that the trial court misapplied the law to those "facts" when it ruled that Driver had "abandoned" her attempt to contact an attorney pursuant to section 577.041.1. We exercise our discretion to review that claim *ex gratia*.

**Facts**

We defer to the trial court all witness credibility determinations and the resolution of any contested facts, which, in the absence of specific findings, are viewed in accordance with the result reached. *Wesley v. Dir. of Revenue*, 309 S.W.3d 442, 444 (Mo. App. S.D. 2010) (citations omitted).

On May 13, 2014, Driver was arrested by a Missouri Highway Patrol trooper for driving while intoxicated and transported to the Stone County Jail. At 11:39 p.m., the trooper read Driver Missouri's Implied Consent Law[4] from the alcohol influence report and asked her to submit to a chemical analysis of her breath. Driver "asked for a lawyer[,]" and she was allowed to retrieve her cell phone to look up her attorney's telephone number.

At 11:41 p.m., Driver began using the jail's telephone to make calls. After a few attempts, Driver reached her lawyer and spoke with him for at least 15 minutes. At the "tail end" of what would be a 20-minute period after Driver first picked up the jail phone, the trooper told her "that her time was about up." Driver "talked on the phone for a few seconds more, then hung up the phone." At that point, the trooper read Driver the implied consent law again, and "right at midnight[,]" Driver refused to take the breath test.

**Analysis**

The trial court's written "FINDINGS of FACT, CONCLUSIONS of LAW and JUDGMENT" found that: (1) Driver "abandoned her attempt to contact an attorney when[,] after concluding the call with her attorney after approximately 19 ½ minutes, she told [the trooper] that she would not take the test"; (2) it was "not necessary to wait out

---

[4] *See* section 577.020.1; *Brown v. Dir. of Revenue*, 34 S.W.3d 166, 171 (Mo. App. W.D. 2000).

the balance of the 20 minutes if the subject completes the phone call and the[n] unequivocally refuses the test" (citing **Hunter v. Dir. of Revenue**, 75 S.W.3d 299 (Mo. App. E.D. 2002) and **Schmidt v. Dir. of Revenue**, 48 S.W.3d 688 (Mo. App. W.D. 2001)); (3) section 577.041 "does not require a suspect [to] be allowed to talk to an attorney for a full 20 minutes as argued by [Driver]'s counsel"; and (4) the trooper's testimony, "in regards to the 20 minutes for [Driver] to attempt to contact an attorney, [was] believable." Based on these findings, the trial court "sustained" the Director's one-year revocation of Driver's driving privileges.

In the argument supporting her claim of reversible error, Driver relies chiefly upon the following language taken from our opinion in **Snider v. Dir. of Revenue**, 314 S.W.3d 841, 844 (Mo. App. S.D. 2010):

> On its face, section 577.041 provides a twenty-minute opportunity for detained persons to consult an attorney before deciding whether to submit to a chemical test. *Foster v. Director of Revenue,* 186 S.W.3d 928, 930 (Mo. App. S.D. 2006). The purpose of the twenty-minute provision is to provide a reasonable opportunity for the subject to contact an attorney regarding the decision of whether to submit to a chemical test. *Schussler v. Fischer,* 196 S.W.3d 648, 653 (Mo. App. W.D. 2006). Section 577.041.1 legislatively defines reasonable opportunity as twenty minutes. *Bacandreas v. Director of Revenue,* 99 S.W.3d 497, 500 (Mo. App. E.D. 2003). The twenty-minute provision is met when the person attempts to contact an attorney unsuccessfully and the twenty-minute statutory period expires, or the person abandons the attempt. *White v. Director of Revenue,* 255 S.W.3d 571, 578 (Mo. App. S.D. 2008).

Although the driver in **Snider** requested to speak with an attorney, she never spoke with one. *Id.* at 843. Instead, when given a phone book in response to her request to speak with a lawyer, she called and spoke with her parents. *Id.* Ten minutes after she requested to speak to an attorney, she was read the Implied Consent law and "deemed to have refused to take the breath test." *Id.* In that context, we stated section 577.041

4

"provides a twenty-minute opportunity for detained persons to consult an attorney before deciding whether to submit to a chemical test." *Id.* at 844. None of the cases cited by Driver in her opening brief involved a situation in which the person asked to take the test actually spoke to an attorney before deciding whether to do so.

The specific right granted in section 577.041 is that if a person asked to submit to a test "requests to speak to an attorney, the person shall be granted twenty minutes in which to *attempt* to contact an attorney. If upon the completion of the twenty-minute period [to attempt to contact an attorney] the person continues to refuse to submit to any test, it shall be deemed a refusal." Section 577.041.1 (emphasis and bracketed material added).

In *Green*, the western district of our court *was* required to interpret the requirements of section 577.041.1 in a situation in which the driver requesting to speak to an attorney actually spoke with one. 386 S.W.3d at 859-60. The Western District first noted that the police are not required to "wait twenty minutes in every case in which a driver requests to contact an attorney." It further stated,

> Where a driver is given an opportunity to contact an attorney after requesting to speak with one, § 577.041.1 is satisfied if "the twenty minute statutory period expires *or the driver abandons the attempt." McMaster v. Lohman,* 941 S.W.2d 813, 817 (Mo. App. W.D. 1997) (emphasis added). "Abandonment occurs where the person made all the attempts he or she wants to make and reaches a decision to refuse to submit to the test before the twenty minutes has elapsed." *Snider v. Dir. of Revenue,* 314 S.W.3d 841, 844 (Mo. App. S.D. 2010) (quoting *Bacandreas,* 99 S.W.3d at 500). Abandonment is established when "the driver ceases attempting to contact a lawyer and indicates that he intends to make no additional attempts to contact an attorney within the twenty minute period." *McMaster,* 941 S.W.2d at 817 (citing *Wall v. Holman,* 902 S.W.2d 329, 331 (Mo. App. W.D. 1995)).

5

*Green*, 386 S.W.3d at 861.  At the end of its recitation of the existing case law interpreting section 577.041.1, the Western District stated, "Whether a driver in a particular case abandoned *or concluded* his efforts to contact an attorney is a factual issue, on which we generally defer to the trial court's findings."  386 S.W.3d at 862 (emphasis added) (citations omitted).

In dealing with a driver who has actually spoken with a lawyer, the word "concluded" seems more appropriate than "abandoned."  To use a simple analogy, if a person chosen from the crowd during a break in a basketball game is given the chance to win a prize by making a three-point shot before a 20-second shot clock expires, it would be nonsensical to say that he had "abandoned" the attempt if he stopped shooting after successfully making the required shot at the 12-second mark.  He would have successfully completed the attempt, and the fact that additional time remained on the clock would be irrelevant.

In any event, we do not find it necessary to determine whether "abandonment" is the appropriate term to use.  Driver attempts to distinguish *Green* in her reply brief by arguing that she "was given *every* indication that she had no time left to contact an attorney" when she "was forced to hang up the phone after being disconnected by the jail phone system[,] . . . immediately . . . reread  Missouri's Implied Consent law and requested that [she] submit to a chemical test, which she refused[.]"[5]  Driver simply ignores that she was given her statutory opportunity to attempt to contact an attorney.  The attempt did not require the full twenty minutes allowed because she successfully

---

[5] Similarly, Driver asserts in her initial brief that she "did not cease attempting to contact an attorney[,]" citing her testimony that the phone she used at the jail to speak with her lawyer automatically disconnected her call after fifteen minutes.  The fatal flaw in both claims is the fact that the trial court was not required to believe her testimony.  *Wesley*, 309 S.W.3d at 444.

6

made contact with her lawyer and carried on a fifteen-minute conversation with him before ending her call. When she hung up the phone, she gave no indication that she was either dissatisfied with her consultation or had been unable to complete it. She simply "respectfully refuse[d]" to take the test when asked to do so.

To the extent that Driver's point might also be read to claim that the trooper had to wait a full twenty minutes before requesting that she take the test, it is without merit. Driver was allowed her attempt to contact a lawyer, and she completed that attempt by speaking with her lawyer for over fifteen minutes before terminating the call. Under these circumstances, the trooper had no obligation to wait any longer before asking Driver to take the test.

Driver's point is denied, and the judgment of the trial court is affirmed.[6]

DON E. BURRELL, P.J. - Opinion Author

NANCY STEFFEN RAHMEYER, J. – Concurs in separate opinion

WILLIAM W. FRANCIS, JR., J. – Concurs

---

[6] The parties dispute whether Driver's refusal to take the test occurred just before or just after the expiration of the statutory period to attempt to contact an attorney had expired. Driver bases her claim that it occurred just before based on a starting point of her picking up the jail phone. The State argues that it occurred just after the 20-minute mark as calculated using a starting point of Driver having gained possession of her cell phone to look up her lawyer's number. The trial court found that the refusal came at "approximately" the 19 ½ mark. For the reasons explained herein, we do not find it necessary to decide the legal question of what conduct triggered the starting point of the twenty-minute period to attempt to contact a lawyer. We also find it unnecessary to address what analysis might have been required if the evidence favorable to the outcome had demonstrated that Driver's consultation with her attorney had been interrupted in some manner before it was completed to her satisfaction. *See Pinkowski v. Wash. Univ*., 451 S.W.3d 354, 358 (Mo. App. E.D. 2014) ([i]t is well-settled that appellate courts do not render advisory opinions or determine speculative issues for the benefit of other cases arising in the future") (citation omitted).



# Missouri Court of Appeals

## Southern District

## Division Two

| | | |
|---|---|---|
| JESSICA NICHOLE RIALS, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | No. SD33830 |
| | ) | |
| DIRECTOR OF REVENUE, STATE OF MISSOURI, | ) | **FILED: March 3, 2016** |
| | ) | |
| | ) | |
| Respondent-Respondent. | ) | |

APPEAL FROM THE CIRCUIT COURT OF STONE COUNTY

Honorable Mark A. Stephens, Associate Circuit Judge

**<u>CONCURRING OPINION</u>**

I concur in the result and with the majority opinion as far as it goes; however, I question the implication in the majority opinion that, once the driver has reached an attorney by telephone, the twenty-minute provision in the statute has been complied with. The critical issue, as I see it, is whether Appellant abandoned her attempts to contact an attorney within the twenty-minute period allowed by section 577.041, RSMo Cum. Supp. 2013.

There are two key sentences in the statute: the first allows a person to request to speak to an attorney and allows twenty minutes within which to do so, and the second provides for a twenty-minute period after which the driver may be requested to take a

blood alcohol test. The clear language of the statute states, "upon the completion of the twenty-minute period" the driver must continue to refuse to submit to the test. The driver was tested prior to the completion of the full twenty minutes (a factual finding made by the trial court). Therefore, the trial court had to resolve whether Appellant "abandoned" or "concluded" her efforts to contact an attorney prior to the completion of the twenty-minute period provided for in the second sentence of the statute.

The courts have written into the plain language of the statute what might appear to be an exception to the clear twenty-minute time frame. In fact, it is a reading of the two sentences combined that makes sense. When a person is requested to submit to any blood alcohol test, that person may "request" to speak to an attorney. That trigger commences the twenty-minute period. If the person indicates in some manner that he no longer wishes to contact an attorney, we have held that the driver abandoned or concluded his efforts to contact an attorney. *See Green v. Director of Revenue*, 386 S.W.3d 858, 862 (Mo.App. W.D. 2012) ("Whether a driver in a particular case abandoned or concluded his efforts to contact an attorney is a factual issue, on which we generally defer to the trial court's findings.")

In other words, in this case, because the entire twenty minutes had not expired, the trial court had to determine that the driver had concluded her call. In this case, the trial court made a decision as the fact-finder that Appellant had indeed abandoned her attempt to contact her attorney by concluding her call. That is a credibility determination made by the trial court and supported by the evidence. Her claim that the Director did not show that Appellant abandoned her "attempt to contact an attorney" but merely

2

assumed that Appellant's hanging up of the phone was an abandonment of her attempt to contact her attorney is refuted by the evidence at the trial.

Appellant made no outward manifestation that she requested more time with her attorney, she did not get off the phone and ask for another call or explain that she had been cut off in the last crucial thirty seconds of advice.[1]  Appellant did not tell the officer at that time that she wanted more time to speak to her attorney or request an extra thirty seconds to finish the conversation.  The trial court was not obligated to believe that she was cut off by the phone system and was entitled to believe that she had voluntarily terminated her call.  I concur because the evidence supported the trial court's factual finding that Appellant had abandoned her attempt to contact an attorney, thus, complying with the statute.


Nancy Steffen Rahmeyer, J. – Concurring Opinion Author

---

[1] The Director makes much of the fact that Appellant was an "expert" on the informed consent law because she was a paralegal and refused the test because she was concerned about the accuracy of breath tests in general.  Her supposed expertise does not affect my decision.